IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No.16-cv-02703-CMA-MLC (consolidated for pretrial purposes with Civil Action No. 17-cv-01195-CMA-MLC, Cocona, Inc. v. Columbia Sportswear Company)

COCONA, INC., a Delaware corporation,

    Plaintiff,

v.

VF OUTDOOR, LLC, a Delaware limited liability company,

    Defendant.

---

**ORDER OVERRULING DEFENDANTS' OBJECTIONS TO ORDER OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on Defendants Columbia Sportswear Co. ("Columbia") and VF Outdoor, LLC's ("VF") Objections (Doc. # 122) to the February 17, 2023 Minute Order of United States Magistrate Judge S. Kato Crews ("Minute Order") (Doc. # 120). In the Minute Order, Judge Crews granted Plaintiff Cocona Inc.'s Motion to Amend its initial Infringement Contentions against VF. (Doc. # 120.) For the following reasons, the Court overrules Defendants' objections.

    **I.**    **BACKGROUND**

The Court provided a detailed recitation of the factual and procedural background of these consolidated cases in its February 15, 2022 Order Reopening Cases.[1] (Doc. #

---

[1] The Court severed the cases against VF and Columbia on May 8, 2017; however, the cases are consolidated for the purpose of pretrial proceedings. *See* (Doc. # 57 at 6.)

92.) The Court therefore incorporates that recitation by reference and recounts only the procedural history necessary to address Defendants' objections.

This is a patent suit in which Plaintiff alleges that Defendants made and sold outdoor apparel that infringes on Plaintiff's patent, U.S. Patent No. 8,945,287 ("'287 Patent"). (Doc. # 1.) Over six years ago, on February 21, 2017, Plaintiff served its initial Infringement Contentions on VF.[2] *See* (Doc. # 86 at 2.) On November 15, 2017, VF filed a petition with the Patent Trial and Appeal Board ("PTAB") requesting *inter partes* review ("IPR") of several claims of the '287 Patent. After IPR was instituted, the Court administratively closed this case for several years until the PTAB issued its Final Written Decision and all appeals were resolved. (Doc. # 77.) The PTAB found, and the Federal Circuit affirmed, that several of the claims were unpatentable. *See* (Doc. # 86 at 2–3.) However, the PTAB also found that VF failed to establish that Claims 38 and 39 of the '287 Patent were unpatentable.

On February 15, 2022, the Court issued an Order reopening the cases. (Doc. # 92.) The Court found that Plaintiff showed good cause to reopen the case to proceed with respect to Claims 38 and 39. (*Id.* at 8.) During a status conference held on April 21, 2022 (Doc. # 101), the Court directed the parties to contact Magistrate Judge Crews to set up a status conference and address a scheduling order (Doc. # 103 at 9). The Court noted that Plaintiff should file a motion to amend its initial Infringement Contentions against VF "to state what claims it intends to add" and give VF an opportunity to respond. (Doc. # 103 at 9.) The Court stated that the purpose of briefing the issue of

---

[2] The Columbia case was stayed prior to Plaintiff serving its initial Infringement Contentions. (Doc. # 91 at 1.) Plaintiff has not yet served initial Infringement Contentions on Columbia.

which claims Plaintiff intended to assert was to "get this case moving forward" and "decide what the scope is actually going to be." (*Id.*)

Plaintiff filed a Motion for Leave to Amend the Infringement Contentions to Assert Claim 1 of the '287 Patent ("Motion to Amend") (Doc. # 108) on June 27, 2022. The Court referred the Motion to Amend to Judge Crews. (Doc. # 109.) In the Motion to Amend, Plaintiff requested leave to amend its initial Infringement Contentions against VF to include Claim 1, in addition to Claims 38 and 39 of the '287 Patent. VF filed a Response opposing Plaintiff's request to amend the initial Infringement Contentions to add Claim 1 and disputing that Plaintiff had already shown good cause to add Claims 38 and 39. (Doc. # 112.)

After the matter was fully briefed, Judge Crews issued his February 17, 2023 Minute Order granting Plaintiff's Motion to Amend. (Doc. # 120). Judge Crews observed that this Court previously found good cause for Plaintiff to assert Claims 38 and 39 of the '287 Patent in the February 15, 2022 Order Reopening Cases (Doc. # 92 at 7–8). Accordingly, Judge Crews rejected VF's argument that it was still up for debate whether Plaintiff could assert Claims 38 and 39. (Doc. # 120.) Judge Crews also rejected VF's argument that VF would be prejudiced by Plaintiff amending its initial Infringement Contentions to include Claim 1. (*Id.*) He noted that Claim 1 "relates" to Claims 38 and 39 and that VF had notice of allegations regarding Claim 1 because those allegations were included in both Plaintiff's Complaint and Amended Complaint. (*Id.*) As such, Judge Crews granted Plaintiff leave to amend its initial Infringement Contentions against VF to

include Claims 1, 38, and 39. (*Id.*) He also found that Plaintiff may assert all three claims in its initial Infringement Contentions against Columbia. (*Id.*)

Defendants now object to Judge Crews's Minute Order. (Doc. # 122.) Plaintiff filed a Response to the objections (Doc. # 127), and Defendants filed a Motion for Leave to File Reply in Support of Objections (Doc. # 128). In their Motion for Leave to File Reply, Defendants state that good cause exists to allow the reply because Plaintiff "has misconstrued Defendants' arguments and the Court's prior rulings." (Doc. # 128 at 2.) Upon carefully reviewing the briefing and the record in this case, the Court disagrees with Defendants and finds that they have failed to establish good cause warranting the tendered reply. Defendants' Motion for Leave to File Reply (Doc. # 128) is therefore denied. The Court will proceed with considering Defendants' objections.

## II.   LEGAL STANDARD

In considering objections to non-dispositive rulings by a Magistrate Judge, the Court may modify or set aside any portion of the order found to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The Court must affirm a Magistrate Judge's decision unless the Court finds that the Magistrate Judge abused his or her discretion or, if after reviewing the record as a whole, the Court is left with a "definite and firm conviction that a mistake has been made." *Ariza v. U.S. West. Comms., Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)).

### III.     DISCUSSION

Defendants object to Judge Crews's Minute Order with respect to all three claims that Plaintiff intends to proceed with in this case. (Doc. # 122.) Defendants argue that Judge Crews clearly erred by (1) failing to conclude that Plaintiff abandoned Claims 38 and 39 prior to the stay and administrative closure in this case; and (2) finding that Plaintiff could proceed with Claim 1 because it "relates" to Claims 38 and 39 and Defendants had notice of allegations relating to Claim 1. The Court finds both objections to be without merit.

First, with respect to Claims 38 and 39, Defendants continue to rehash arguments that this Court considered and rejected in its Order Reopening Cases. (Doc. # 92 at 6.) In that Order, the Court considered the parties' positions with respect to Claims 38 and 39 and found that Plaintiff "has shown that good cause exists to reopen the case and allow Cocona to amend its initial Infringement Contentions." (*Id.*) The Court also rejected VF's argument that it would be prejudiced by allowing Plaintiff to assert Claims 38 and 39. (*Id.* at 5–8.) Defendants' current objection that Plaintiff "abandoned" its claims before the IPR was even filed is simply a repackaging of Defendants' unsuccessful prejudice and diligence arguments that the Court addressed and rejected in its prior Order. The matter is settled that Plaintiff may amend its initial Infringement Contentions against VF to assert Claims 38 and 39 of the '287 Patent, and the Court sees no error in Judge Crews's treatment of the Motion to Amend with respect to those claims.

Next, Defendants object to Judge Crews's determination that Plaintiff may assert Claim 1 in its amended initial Infringement Contentions against VF and its initial Infringement Contentions against Columbia. (Doc. # 122 at 6.) Essentially, Defendants dispute Judge Crews's conclusion that Claim 1 "relates" to Claims 38 and 39 and that there are allegations relating to Claim 1 in the complaint and amended complaint. (*Id.* at 6–7.) The Court sees no clear error in either conclusion. First, Judge Crews's statement that Claim 1 "relates" to Claims 38 and 39 plainly refers to the fact (briefed by the parties) that Claim 1, like Claims 38 and 39, recites an "encapsulant." *See* (Doc. # 108 at 7.) Indeed, throughout VF's Response to the Motion to Amend, VF refers to Claims 1, 38, and 39 together as the "Encapsulant Claims." *See* (Doc. # 112 at 1.) It is also worth noting that in the February 15, 2022 Order Reopening Cases, this Court found that Plaintiff showed good cause to assert Claims 38 and 39 in part because after the PTAB's decision, Plaintiff commissioned third party testing that showed remnants of an "encapsulant" in VF's and Columbia's products. (Doc. # 92 at 7–8.) For these reasons, the Court finds that Judge Crews's statement that Claim 1 "relates" to Claims 38 and 39 has a factual basis and is not clearly erroneous.

Defendants next object that Plaintiff's complaints do not include allegations of infringement of Claim 1 and that Judge Crews therefore erred by finding that Defendants had "notice of allegations related to Claim 1" (Doc. # 120). The Court agrees with Defendants that Plaintiff did not include direct reference to Claim 1 in its complaints. However, Defendants were on notice of the "Encapsulant Claims" because Plaintiff adequately alleged that Defendants' products infringed upon the '287 Patent by

6

including "the usage of an encapsulant." *See, e.g.*, (Doc. # 9 at ¶¶ 14–15, 28, 47.) The Court therefore sees no error in Judge Crews's Minute Order.

In sum, the Court overrules Defendants' objections and affirms Judge Crews's Minute Order granting Plaintiff's Motion for Leave to Amend its initial Infringement Contentions. Courts in this District have ruled in favor of amendments to infringement and invalidity contentions when new information is discovered or good cause otherwise exists to allow amendment. *See Crocs, Inc. v. Effervescent, Inc.*, No. 06-cv-00605-PAB-KMT, 2017 WL 5171332, at *2 (D. Colo. Nov. 8, 2017). The Court again notes that this case was stayed and administratively closed early in the litigation, before discovery closed and well before Plaintiff was required to serve its final Infringement Contentions against VF or its initial Infringement Contentions against Columbia. After reviewing the matter, the Court is satisfied that Judge Crews did not clearly err in determining that this case may proceed with respect to Claims 1, 38, and 39.

## IV.  CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

- Defendants' Motion for Leave to File Reply (Doc. # 128) is DENIED; and
- Defendants' Objections to Magistrate Order (Doc. # 122) are OVERRULED.

DATED:  March 30, 2023

BY THE COURT:

CHRISTINE M. ARGUELLO
Senior United States District Judge

7