**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello**

Civil Action No.16-cv-02703-CMA-SKC (consolidated with Civil Action No. 17-cv-01195-CMA-SKC, *Cocona, Inc. v. Columbia Sportswear Company*)

COCONA, INC., a Delaware corporation,

      Plaintiff/Counterclaim-Defendant,

v.

VF OUTDOOR, LLC, a Delaware limited liability company,

      Defendant/Counterclaim-Plaintiff.

---

**ORDER**

---

      This matter is before the Court on Plaintiff/Counterclaim-Defendant Cocona, Inc.'s ("Cocona") Motion for Stay of Award Pending Appeal or in the Alternative to Post a Partial Bond. (Doc. # 197.) Defendant/Counterclaim-Plaintiff Columbia Sportswear Company ("Columbia") does not oppose a stay of execution of judgment pending appeal provided that "Cocona obtains a bond for the full amount of the $22,451.87 costs award." (Doc. # 198 at 1.) Cocona argues that because it "has adequate resources to pay the Awarded Costs if its appeal is unsuccessful[,]" the Court should exercise its discretion to waive Fed. R. Civ. P. 62(d)'s bond requirement, or, in the alternative, allow it to post a partial bond of only $5,000.00. (Doc. # 197 at 7.) Columbia responds by arguing that "no bond or reduced bond" is appropriate only in "unusual circumstances" and that the Court should instead set a supersedeas bond in the full amount in the normal circumstances of this case. (Doc. # 198 at 2−3.)

The Court agrees with Columbia. "[T]he purpose of a supersedeas bond is to secure an appellee from loss resulting from the stay of execution and that a full supersedeas bond should be the requirement in normal circumstances." *Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986) (citations omitted). "Accordingly, when setting supersedeas bonds courts seek to protect judgment creditors as fully as possible without irreparably injuring judgment debtors." *Id.* 873–74 (quoting *Texaco, Inc. v. Pennzoil Co.*, 784 F.2d 1133, 1154 (2d Cir. 1986), *rev'd sub nom on other grounds*, 481 U.S. 1 (1987)). While district courts do have inherent authority in setting supersedeas bonds and can choose to waive or order a reduced bond in certain circumstances (*see id.*), the Court finds that those circumstances are not present in this case.

In *Paynter*, the Tenth Circuit held that the district court did not err when it granted a stay pending appeal without a full supersedeas bond because the appellant demonstrated objectively that posting a full bond was impossible or impractical, thereby meeting his burden of proof. *Id.* The appellant showed that he was financially unable to post a full bond and that execution on the judgment would place him in insolvency. *Id.* at 874. The opposite is true here. Cocona has made it abundantly clear that it has the funds to post the full supersedeas bond. *See* (Doc. # 197 at 7 ("The amount of the Awarded Costs is modest and there is no demonstrable evidence to support a finding that Cocona will be unable to satisfy the Awarded Costs following the conclusion of its appeal.")). *See also* (Doc. # 199 at 3 ("Columbia *concedes* that Cocona has the financial resources to pay Awarded Costs should it be unsuccessful on appeal.")).

Accordingly, Cocona's Motion to post no or a partial bond (Doc. # 197) is DENIED. It is

FURTHER ORDERED that Cocona, within 10 days of this Order, on or before 4:45 PM, June 2, 2025, shall post a full supersedeas bond in the amount of $22,451.87. It is

FURTHER ORDERED that the execution of the judgment is stayed pending appeal upon posting of the full supersedeas bond.

DATED: May 23, 2025

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
Senior United States District Judge